UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF CIBCO BARGE LINE, LLC, AS THE OWNER OF THE M/V MISTER C, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO: 19-9512<br>SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that claimant Cody Jackson's **Motion to Lift Stay and Stay Limitation Action** (Rec. Doc. 13) is **DENIED**.

### BACKGROUND

Claimant Cody Jackson has filed a motion to lift the stay in this matter so he may proceed against the vessel owner in his state court suit which was stayed upon the filing of the instant limitation. In connection with this request, he has offered a stipulation that preserves the right of the vessel owner to litigate all issues relating to limitation of liability in this court, waives the res judicata effect of any state court judgment or order on limitation issues, stipulates that the claimant will divide all funds pro rata, provides that this court retains jurisdiction over the limitation action to protect the vessel owner's right to limitation and stipulates that the claimant will not seek to enforce any state court judgment in excess of the limitation fund as determined by this court. However, claimant Creole Chief, Inc. has not signed the stipulations and opposes a

lifting of the stay.

## DISCUSSION

Under the Limited Liability Act, 46 U.S.C. app. § 181 et seq., a shipowner, lacking privity or knowledge, may limit liability for damages arising from a maritime accident to the "amount or value of the interest of such owner in such vessel, and her freight then pending." 46 U.S.C.App. § 183(a). However, this right to limitation "is cabined by the 'saving to suitors' clause,[1] . . . which evinces a preference for jury trials and common law remedies in the forum of the claimant's choice." Odeco Oil & Gas Co., Drilling Div. v. Bonnette, 74 F.3d 671, 674 (5th Cir. 1996)(citing Magnolia Marine Transport Co. v. Laplace Towing Corp., 964 F.2d 1571, 1582 (5th Cir.1992)(other citations omitted). Notwithstanding the tension between the Limitation Act and the saving to suitors clause, "the [district] court's primary concern is to protect the shipowner's absolute right to claim the Acts's liability cap, and to reserve the adjudication of that right in the federal forum." Id. (quoting Magnolia Marine Transport Co., 964 F.2d at 1575.

In an effort to balance shipowners' limitation rights in federal courts and the rights of claimants to sue in the forum of their choice, federal courts have identified two situations in which a district court must allow a state court action to proceed: "(1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when **all claimants** stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the

---

[1] See 28 U.S.C. § 1333(1) (giving federal district courts exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction," but "saving to suitors in all cases all other remedies to which they are otherwise entitled").

value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court." Odeco, 74 F.3d at 674 (citing Texaco, Inc. v. Williams, 47 F.3d 765, 768 (5th Cir.), cert. denied, 516 U.S. 907 (1995)(emphasis in the original)).

In the present case, claimant Jackson has invoked the second provision, and offered the relevant stipulations. However, Creole Chief, Inc. has also filed a claim in the limitation seeking full contribution, indemnification, and/or reimbursement from petitioner-in-limitation for all maintenance and cure amounts Creole Chief has paid to Cody Jackson, and any damages it could be required to pay to Cody Jackson. The Fifth Circuit has held that "parties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act." Odeco, 74 F.3d at 675. Thus, Creole Chief, Inc., as a claimant, must agree and sign the stipulations offered by Jackson in order for Jackson to proceed against the vessel in owner in state court. Creole Chief, Inc. has declined to do so. Accordingly,

**IT IS HEREBY ORDERED** that claimant Cody Jackson's **Motion to Lift Stay and Stay Limitation Action** (Rec. Doc. 13) is **DENIED**.

New Orleans, Louisiana, this  15th  day of August, 2019.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**