UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: CIBCO BARGE LINE, L.L.C.

CIVIL ACTION

NO. 19-9512

SECTION "S" (1)

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Cibco Barge Line, L.L.C.'s **Motion for Summary Judgment** (Rec. Doc. 45) is **GRANTED**.

BACKGROUND

Claimant Cody Jackson ("Jackson") alleges he was injured in October, 2018 while working as a deckhand on the M/V MISTER C (the "vessel"). At the time, Jackson was employed by Creole Chief, Inc. ("Creole Chief") which was working pursuant to a Crewing Agreement with the vessel owner, Cibco Barge Line, L.L.C. ("Cibco"). Jackson subsequently filed suit against his employer, Creole Chief, Cibco, and the vessel itself. Cibco timely filed a petition for limitation of liability, pursuant to 46 U.S.C. § 30501.

Jackson filed a Jones Act and general maritime claim in the limitation for his personal injuries. Creole Chief filed a claim in the limitation for contribution, indemnity, and reimbursement from Cibco for any amounts owed by Creole Chief to Jackson. Cibco filed a counterclaim against Creole Chief, alleging that it is entitled to contractual defense and indemnity from Creole Chief under the Crewing Agreement. Cibco has filed the instant motion seeking summary judgment against Creole Chief, arguing that it is entitled to indemnity, defense, and the benefit of an insurance policy pursuant to the Crewing Agreement.[1] Cibco contends that the

---

[1] A separate motion for summary judgment filed by consolidated plaintiff insurers, AGCS Marine Insurance Company, XL Catlin, and Certain Underwrites at Lloyds of London, seeks summary judgment finding no coverage

1

Crewing Agreement's contractual language unambiguously obligates Creole Chief to indemnify it for Jackson's personal injury claims.

Creole Chief does not dispute that the Crewing Agreement unambiguously states that Creole Chief owes Cibco indemnity. However, Creole Chief argues that the Crewing Agreement does not comprise the entirety of the contractual relationship among the parties, and another indemnity agreement exists obligating Cibco to indemnify Creole Chief. Creole Chief contends the reciprocal indemnity provisions cancel each other out.

## DISCUSSION

### *Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986)).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue

---

is owed for Jackson's injuries or Cibco's defense and indemnity claims. Rec. Doc. 66. Nothing in this order should be construed in any way as a finding on the question of coverage as raised in that motion.

for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

*Analysis*

It is undisputed that Creole Chief is required to "protect, defend, indemnify[,] and hold harmless" Cibco for personal injury claims like Jackson's "without limit and without regard to the cause," by the Crewing Agreement. The Crewing Agreement also obligates Creole Chief to maintain Worker's Compensation and U.S. Longshore and Harbor Workers' Compensation Act Insurance, Protection and Indemnity insurance, and Comprehensive General Liability Insurance at its own expense. The Crewing Agreement further requires Creole Chief to name Cibco as an additional insured on all insurance policies in cases where Creole Chief is defending and indemnifying Cibco.

"Express contractual indemnity agreements generally are enforceable under maritime law" and are governed by the "usual rules of contractual interpretation." Hardy v. Gulf Oil Corp., 949 F.2d 826, 834 (5th Cir. 1992). Because there is no dispute that the work performed on the day of the incident was pursuant to the Crewing Agreement, the plain language of the Crewing Agreement requires Creole Chief to indemnify Cibco for Jackson's claims.

Creole Chief acknowledges this fact, but argues that Cibco has a reciprocal obligation to to indemnify it, resulting in the two indemnity agreements cancelling each other out. According to Creole Chief, Cibco and its sister company, C&C Marine and Repair, LLC ("C&C"), comprise a single business enterprise, and thus any obligations owed by C&C are also owed by Cibco. Creole Chief further argues that Cibco entered into a time charter with C&C, which requires C&C (and thus Cibco) to indemnify the time charterer's subcontractors, which include Creole Chief. Cibco

argues that these two indemnity agreements create reciprocal indemnity obligations which functionally cancel each other out, as occurred in Breaux v. Haliburton Energy Servs., 2005 WL 8162243 (E.D. La. 2005).

Creole Chief's reciprocal indemnity argument does not create a dispute of material fact sufficient to defeat summary judgment. Cibco seeks summary judgment on whether Creole Chief owes it defense, indemnity, and the benefit of insurance policies under the Crewing Agreement. Creole Chief explicitly conceded that it owes Cibco indemnity under the Crewing Agreement and the court finds that the plain language of the Crewing Agreement unambiguously entitles Cibco to indemnity, defense, and the benefit of the insurance policies listed in the agreement. Accordingly, no material fact issue exists and Cibco is entitled to summary judgment requiring Creole Chief to indemnify it.

Whether there exists a reciprocal agreement that would offset this obligation is not properly before the court, and not disposed of herein. C&C has not been named as a defendant or claimed an interest in the action in any way. Because C&C is not before the court, this court cannot adjudicate a claim against it. Accordingly,

**IT IS ORDERED** that Cibco's **Motion for Summary Judgment** (Rec. Doc. 45) is hereby **GRANTED**, without prejudice to Creole Chief's ability to raise the issue of reciprocal indemnity if and when it is properly before the court.

New Orleans, Louisiana, this  24th  day of March, 2021.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**